IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  13-PO-07003-MJW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT L. ALLEN,

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

      This matter came on for trial to the court on October 3, 2013.  The Government was represented by Special Assistant United States Attorney Christopher Knight.  The Defendant, Robert L. Allen, was represented by Attorney Dennis Hartley.  The court has considered the testimony and credibility of Joseph Carmondy, Marcus Thomas, Defendant Robert L. Allen and Sara Killings.  In addition, the court has considered Government's exhibit G-1 [videotape] which was received into evidence and the closing arguments by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

## FINDINGS OF FACT

      The court finds beyond a reasonable doubt:

      1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

      2.      That each party has been given a fair and adequate opportunity to be heard;

      3.      That venue is proper in the State and District of Colorado;

      4.      That I take judicial notice pursuant to Fed. R. Evid. 201 that Iron Horse Fitness Center is located on the Fort Carson Military Reservation [Fort Carson]  which is located in the State and District of Colorado;

5. That on February 14, 2013, SFC Joseph Carmody was working a twenty solider detail setting up and breaking down a chain of command ceremony at the Special Events Center on Fort Carson. During the breakdown portion of this ceremony, SFC Carmody had a confrontation with Defendant Robert L. Allen. There was a verbal altercation concerning orders towards the soldiers who were working this event and concerning the chain of command;

6. That on February 16, 2013, SFC Carmody entered the Iron Horse Fitness Center. He was in gym clothes and the videotape [Government's exhibit G-1] shows that he approached the front desk of the fitness center. As SFC Carmody was approaching the front desk, he turned to his left and began walking towards Defendant Allen. SFC Carmody testified that Defendant Allen said when he entered the Iron Horse Fitness Center **"That's that Motherfucker right there!"** The videotape shows a confrontation and then SFC Carmody turning and walking back towards the front desk of the fitness center. It should be noted that the videotape does not contain any sound. While SFC Carmody was walking back towards the front desk, the videotape shows Defendant Allen being the initial physical aggressor by pushing SFC Carmody in the back. The videotape does not show SFC Carmody in a fighting stance but actually attempting to walk away. Defendant Allen testified that he was fearful of SFC Carmody and that SFC Carmody was in a fighting stance, but Defendant Allen's testimony is not supported by the videotape nor is Defendant Allen's testimony supported by the fact that he later followed SFC Carmody outside of the Ironhorse Fitness Center. Someone who is fearful would not go outside where that person was located when he could have simply stayed inside of the Ironhorse Fitness Center. SFC Carmody further testified that he told Defendant Allen something to the effect of **"let's take this outside."** Defendant Allen said that SFC Carmody used the **"N"** word towards him. There was no other evidence presented by Defendant Allen that supports this contention. Sara Killings testified that she lived with Defendant Allen as a tenant and never heard him use profanity. However, Ms. Killings was not present during the initial confrontation between SFC Carmody and Defendant Allen on February 14, 2013 and she was not present during the confrontation on February 16, 2013. The videotape shows SFC Carmody walking back towards the outside of the Iron Horse Fitness Center and Defendant Allen following SFC Carmondy outside. SFC Carmody next testified that Defendant Allen swung at him and stuck him in the face a number of times and they were involved in a fight. Defendant Allen tackled SFC Carmody and knocked him to the ground. SFC Carmody then defended himself

      by throwing some punches back at Defendant Allen. Defendant Allen was on top of SFC Carmody hitting him in the head area when Marcus Thomas came outside to break up the fight;

7. That Defendant Allen testified that he knew Marcus Thomas and worked with him prior to the events on February 16, 2013.  Mr. Allen also testified that he was actually getting off SFC Carmody when they were outside of the Ironhorse Fitness Center and was giving SFC Carmody his hand to help SFC Carmody up;

8. That Marcus Thomas testified he was employed by the Ironhorse Fitness Center on February 16, 2013 and was working that day. That he **did not know** either SFC Carmody or Defendant Allen prior to the events of February 16, 2013, and further testified that he saw SFC Carmody leave the fitness center on February 16, 2013, and also saw Defendant Allen follow SFC Carmody outside. Mr. Thomas testified that he went outside to break up the fight and pulled Defendant Allen off of SFC Carmody.  Mr. Thomas saw Defendant Allen landing punches to the left side of SFC Carmody's face.  Mr. Thomas testified that the Military Police were called and that SFC Carmody stayed to speak to the Military Police but that Defendant Allen left.  This court finds Marcus Thomas' and SFC Carmody's testimony credible and consistent with the videotape and further finds Defendant Allen's testimony not credible and inconsistent with the videotape; and,

9. That there was no evidence presented to suggest that Defendant Allen was acting in self-defense.

## CONCLUSIONS OF LAW

Count one in the Information charges the Defendant Robert L. Allen with the offense of Assault in violation of 18 U.S.C. § 113(a)(4).   The elements of the crime of Assault are:

1. That on or about February 16, 2013;

2. Within the special maritime and territorial jurisdiction of the United States;

3. Namely, the Fort Carson Military Reservation;

4. In the State and District of Colorado;

5. The Defendant Robert L. Allen;

      6.      Assaulted SFC Joseph Carmody;

      7.      By striking, beating or wounding him, in violation of 18 U.S.C. § 113(a)(4).

The Government must prove some form of physical contact in order to establish an Assault by Striking, Beating or Wounding. United States v. Whitefeather, 275 F.3d. 741, 743 (8th Cir. 2002). "Assault" as used in 18 U.S.C. § 113, is "more inclusive than under the common law and encompasses elements that would have fallen under traditional definitions of battery as well as assault." Id.

Here, this court concludes that Defendant Allen unlawfully made physical contact with SFC Carmody on several occasions on February 16, 2013. He pushed SFC Carmody in the back just prior to the two of them existing the Ironhorse Fitness Center. See videotape. He struck SFC Carmody in the head with his closed fist immediately after the two of them exited the Ironhorse Fitness Center. Moreover, Defendant Allen grabbed SFC Carmody's legs and tackled him to the ground. Lastly, Defendant Allen repeatedly struck SFC Carmody after taking SFC Carmody to the ground and SFC Carmody attempted to defend himself from Defendant's Allens' fists by throwing punches back at Defendant Allen. Defendant Allen was the initial aggressor and he made such physical contact with SFC Carmody without any legal justification and Defendant Allen was not acting in self defense.

## FINDING OF GUILT

Based upon these findings of fact and conclusions of law, this court finds, beyond a reasonable doubt, that Defendant Robert L. Allen, on February 16, 2013, within the special maritime and territorial jurisdiction of the United States, namely, the Fort Carson Military Reservation located in the State and District of Colorado, did Assault SFC Joseph Carmody.

Accordingly, the court finds the Defendant Robert L. Allen **GUILTY**, beyond a reasonable doubt of Count One Assault in violation of 18 U.S.C. § 113(a)(4) (Class B Misdemeanor).

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, the court ORDERS:

      1.      That a presentence investigation shall be conducted by the Federal Probation Department for the District of Colorado and that a presentence investigation report shall be prepared by the Federal Probation Department. That Defendant Robert L. Allen shall

       contact the Federal Probation Department for the District of Colorado within five (5) days from the date of this Order so that the presentence investigation report can be completed timely;

2. That a sentencing hearing is set on November 20, 2013 at 10:00 a.m. at 212 North Wahsatch Avenue, Suite 300, Colorado Springs, Colorado 80903, before Magistrate Judge Watanabe;

3. That Defendant Robert L. Allen shall appear in person at his sentencing hearing on November 20, 2013 at 10:00 a.m.; and,

4. That the Defendant's summons shall continue until his sentencing hearing.

    Done this 8th day of October 2013.

                BY THE COURT

                <u>s/Michael J. Watanabe</u>
                MICHAEL J. WATANABE
                U.S. MAGISTRATE JUDGE